## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**UNITED STATES INTERNATIONAL**
**TRADE COMMISSION**
**500 E Street, SW**
**Washington, D.C. 20436**
**(202)708-5468**

              **Petitioner,**

    **v.**                                                    **Miscellaneous No. _____**

**SONY ERICSSON MOBILE**
**COMMUNICATIONS (USA) INC.**
**7001 Development Drive**
**Research Triangle Park, N.C. 27709**

              **Respondent.**

## PETITION FOR AN ORDER TO ENFORCE SUBPOENAS ISSUED BY THE UNITED STATES INTERNATIONAL TRADE COMMISSION AND REQUEST FOR EXPEDITED TREATMENT

Pursuant to section 333(b) of the Tariff Act of 1930, 19 U.S.C. § 1333(b),

the United States International Trade Commission (the "Commission") hereby

petitions this Court for an order requiring respondent Sony Ericsson Mobile

Communications (USA) Inc. ("Sony Ericsson") of Research Triangle Park, North

Carolina, to produce a witness and evidence in accordance with a Subpoena Ad

Testificandum and a Subpoena Duces Tecum ("subpoenas") issued by the

Commission on July 23, 2007, in the course of its administrative proceeding

entitled *Certain GPS Chips, Associated Software and Systems, and Products*

*Containing Same* ("*GPS Chips*"), Inv. No. 337-TA-596.  A memorandum of points

and authorities in support of this petition, exhibits, and a proposed order are

attached to this petition.

The Commission further alleges the following:

1.    Petitioner is an independent administrative agency of the United

States government organized and existing pursuant to 19 U.S.C. § 1330, *et seq.*

Among its various responsibilities, the Commission is authorized and directed by

section 337 of the Tariff Act of 1930, 19 U.S.C. § 1337, to conduct investigations

into allegations of certain unfair practices in the import trade.  Section 337

investigations usually involve allegations of patent, copyright, or trademark

infringement.[1]  The Commission is authorized to issue several types of remedial

orders for violation of section 337, including an order directing respondents found

---

[1]  A more complete explanation of the Commission's functions is contained in
the memorandum of points and authorities in support of the petition.  The
Commission's procedural rules for investigations conducted under section 337 of
the Tariff Act of 1930 and related proceedings are found in 19 C.F.R. Part 210
(2007).

in violation to cease and desist from the unfair practices, an order excluding the subject articles from entry into the United States, or both.

2.    To carry out its functions and duties in connection with section 337 proceedings, the Commission and its agents are empowered to compel by subpoena the production of evidence and testimony of witnesses related to its inquiries. 19 U.S.C. § 1333. Pursuant to 19 U.S.C. § 1333(b), the Commission may require such production of evidence or testimony from any location in the United States at any designated place of hearing.

3.    This Court has jurisdiction over this action to enforce the Commission's subpoenas to respondent by virtue of 19 U.S.C. § 1333(b), which provides that the Commission[2] may invoke the aid of any district court of the United States within the jurisdiction of which an inquiry is carried on in requiring the attendance and testimony of witnesses and the production of evidence. *See also U.S. Int'l Trade Comm'n v. ASAT, Inc.*, 411 F.3d 245, 249-51 (D.C. Cir. 2005). Section 333(b) further provides that, in case of refusal to obey a subpoena issued to any corporation or other person, the Court may issue an order requiring such corporation or person to appear before the Commission, to produce evidence,

---

[2]    The Commission has statutory authority to represent itself in all judicial proceedings. 19 U.S.C. § 1333(g).

or to give evidence touching upon the matter in question.

4.    The administrative proceeding, in the course of which the
Commission issued the subpoenas to Sony Ericsson, is being conducted in this
judicial district at the United States International Trade Commission, located at
500 E Street, SW, Washington, D.C. 20436.

5.    Respondent Sony Ericsson, has an address of 7001 Development
Drive, Research Triangle Park, North Carolina 27709.

6.    On March 13, 2007, the Commission instituted the *GPS Chips*
investigation under section 19 U.S.C. § 1337, based on a complaint filed by SiRF
Technology, Inc. of San Jose, California ("SiRF"), alleging a violation of section
337 in the importation, sale for importation, and sale within the United States after
importation of certain GPS chips, associated software and systems, and products
containing the same by reason of infringement of certain claims of United States
Patent Nos. 6,304,216, 7,043,363, 7,091,904, and 7,132,980. 72 *Fed. Reg.* 11378
(Mar. 13, 2007). The complainant named Global Locate, Inc. of San Jose,
California as respondent.

7.    On July 23, 2007, the presiding administrative law judge ("ALJ")
signed a Subpoena Ad Testificandum and a Subpoena Duces Tecum directed to
non-party Sony Ericsson. (The subpoenas are attached as Confidential Exhibit A.)

4

The subpoenas ordered Sony Ericsson: 1) to designate a corporate witness to testify on deposition regarding certain topics named in the Subpoena Ad Testificandum, and 2) to produce documents and things responsive to the Subpoena Duces Tecum topics.

8.     Sony Ericsson served its Response and Objections to the subpoenas on August 20, 2007.  On November 16, 2007, the parties to the investigation filed a joint motion to extend the close of fact discovery, in part, to allow SiRF to take the deposition of Sony Ericsson's corporate witness.

9.     On November 27, 2007, Sony Ericsson produced a witness for deposition by SiRF.  *See* Confidential Exhibit B.

10.     On December 17, 2007, SiRF requested the ALJ to certify to the Commission a request for judicial enforcement of the subpoenas pursuant to Commission Rule 210.32(g).  19 C.F.R. § 210.32(g).  SiRF stated that Sony Ericsson's witness was unprepared and unknowledgeable concerning many of the deposition topics, particularly Topic Nos. 2, 3, 6, 7, and 8 of the Subpoena Ad Testificandum.  SiRF further asserted that Sony Ericsson has refused to provide a more knowledgeable witness for deposition despite evidence suggesting that such a witness exists.  SiRF also stated that a certain document and items sought by the subpoenas were incomplete or have not been provided.  On January 3, 2008, Sony

5

Ericsson filed its reply, opposing subpoena enforcement. Sony Ericsson argued

that it has provided to SiRF those documents that are within its possession,

custody, or control that relate to the topics identified in the subpoenas and that it

does not have additional testimony to provide.

11.    On January 15, 2008, the ALJ issued an order granting SiRF's motion

to certify to the Commission its request for judicial enforcement of the subpoenas.

Order No. 27 (attached as Exhibit C). The ALJ found, after examining the

transcript of Sony Ericsson's witness, that the witness was unable to answer many

questions. Order No. 27 at 3. Moreover, he found that a particular Sony Ericsson

employee identified at page 4 of Order No. 27 should be produced for deposition

if he is the most knowledgeable person about the identified topics. *Id.* at 4. He

further found that if someone else at Sony Ericsson is more knowledgeable, that

person should be produced. *Id.* The ALJ also found that it was unclear whether

the papers provided by Sony Ericsson were complete. *Id.* He found that if they

were not, and if such complete papers are in the possession of Sony Ericsson, they

should be produced, as should the withheld items identified in Request for

Production No. 1 of the Subpoena Duces Tecum. *Id.* The ALJ certified the

request to the Commission for judicial enforcement on January 16, 2008 (Notice

attached as Exhibit D). The Commission took the ALJ's request under

6

advisement, and on January 24, 2008, issued a notice that it had granted the

request (attached as Exhibit E). The commencement of the subpoena enforcement

action in this Court followed.

12.    The evidentiary hearing in the *GPS Chips* investigation is scheduled

to begin on March 10, 2008.

13.    In the accompanying memorandum of points and authorities, the

Commission demonstrates why this Court should grant the Commission's petition

for enforcement of the subpoenas by ordering production of the items identified in

Request for Production No. 1 of the Subpoena Duces Tecum and ordering

production of a witness to testify regarding Topic Nos. 2, 3, 6, 7, and 8 of the

Subpoena Ad Testificandum. The accompanying memorandum also explains why

this Court should grant expedited treatment to the Commission's petition.

14.    The Commission has made no prior application to this or any other

court for the relief requested in this petition.

**WHEREFORE**, the United States International Trade Commission

respectfully invokes the aid of this Court and prays:

(1)    That the Court issue an order directing respondent, Sony Ericsson, to

show cause why it should not comply with and obey the subpoenas

issued to it as requested in this petition;

7

(2)   That the Court order respondent to comply with the subpoenas as

      requested in this petition;

(3)   That the Court expedite consideration of this petition; and

(4)   That petitioner be given such other relief as the Court may deem just

      and proper.

Date: February 5, 2008

                Respectfully submitted,

                James M. Lyons
                General Counsel
                D.C. Bar No. 304121

                Wayne W. Herrington
                Assistant General Counsel
                D.C. Bar No. 55038

                Michelle Walters
                Attorney-Advisor
                D.C. Bar No. 489524
                Office of the General Counsel
                U.S. International Trade Commission
                500 E Street, SW
                Washington, D.C. 20436
                tel.:  (202) 708-5468

fax:  (202) 205-3111

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES INTERNATIONAL
TRADE COMMISSION
500 E Street, SW
Washington, D.C. 20436
(202)708-5468

       Petitioner,

   v.

SONY ERICSSON MOBILE
COMMUNICATIONS (USA) INC.
7001 Development Drive
Research Triangle Park, N.C. 27709

       Respondent.

Miscellaneous No. _____

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION FOR AN ORDER TO ENFORCE SUBPOENAS ISSUED BY THE UNITED STATES INTERNATIONAL TRADE COMMISSION AND REQUEST FOR EXPEDITED TREATMENT

This is a summary proceeding based upon a petition filed by the United

States International Trade Commission (the "Commission") pursuant to section

333 of the Tariff Act of 1930, 19 U.S.C. § 1333, seeking to enforce the

Commission's administrative Subpoena Ad Testificandum and Subpoena Duces

1

Tecum ("subpoenas") directed to Sony Ericsson Mobile Communications (USA) Inc. ("Sony Ericsson") of Research Triangle Park, North Carolina, dated July 23, 2007. (The subpoenas are attached as Confidential Exhibit A.)[1, 2]  The subpoenas in question were issued to Sony Ericsson in the course of an administrative proceeding under section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337.[3]

## I.    JURISDICTION

The Commission may issue and seek enforcement of subpoenas pursuant to section 333 of the Tariff Act of 1930.  19 U.S.C. § 1333.[4]  The Commission may

---

[1]  We are attaching documents that we believe are essential to the Court's ruling on this petition, including the subpoenas, the ALJ's request for judicial enforcement, the ALJ's notice certifying his request to the Commission, the Commission's notice granting the ALJ's request, and exhibits.

[2]  Proceedings to enforce International Trade Commission compulsory process are special statutory matters which fall under the purview of Rule 81(a)(3) of the Federal Rules of Civil Procedure.  Such actions are properly instituted by a petition and order to show cause rather than by a complaint.  *See, e.g.*, *Appeal of FTC Line of Bus. Report Litig.*, 595 F.2d 685, 704-05 (D.C. Cir. 1978); *Equal Employment Opportunity Comm'n v. St. Regis Paper Co.-Kraft Div.*, 717 F.2d 1302, 1304 (9th Cir. 1983).

[3]  We note that the Court has previously granted the Commission's requests for enforcement of section 337-related subpoenas.  *See U.S. Int'l Trade Comm'n v. Single Use Camera Co.*, Misc. No. 03-3876 (order granting enforcement of subpoena) (D.D.C. Apr. 16, 2004).

[4]  Section 333 states:

require production of evidence as well as the attendance and testimony of

witnesses at any designated place of hearing.  Section 333(b) confers jurisdiction

upon this Court to enter an order enforcing such subpoenas upon the request of the

---

     (a) For the purposes of carrying out its functions and duties in connection with any investigation authorized by law, the Commission or its duly authorized agent or agents (1) shall have access to and the right to copy any document, paper, or record, pertinent to the subject matter under investigation, in the possession of any person, firm, copartnership, corporation, or association engaged in the production, importation, or distribution of any article under investigation, (2) may summon witnesses, take testimony, and administer oaths, (3) may require any person, firm, copartnership, corporation, or association to produce books or papers relating to any matter pertaining to such investigation, and (4) may require any person, firm, copartnership, corporation, or association, to furnish in writing, in such detail and in such form as the Commission may prescribe, information in their possession pertaining to such investigation . . . .

     (b) Such attendance of witnesses and the production of such documentary evidence may be required from any place in the United States at any designated place of hearing.  And in case of disobedience to a subpoena the Commission may invoke the aid of any district or territorial court of the United States in requiring the attendance and testimony of witnesses and the production of documentary evidence, and such court within the jurisdiction of which such inquiry is carried on may, in case of contumacy or refusal to obey a subpoena issued to any corporation or other person, issue an order requiring such corporation or other person to appear before the Commission, or to produce documentary evidence if so ordered or to give evidence touching the matter in question; and any failure to obey such order of the court may be punished by such court as a contempt thereof.

19 U.S.C. § 1333.

3

Commission.  *See also U.S. Int'l Trade Comm'n v. ASAT, Inc.*, 411 F.3d 245, 249-51 (D.C. Cir. 2005).

Venue is proper in this district because this is the judicial district "within the jurisdiction of which such inquiry is carried on."  19 U.S.C. § 1333(b); *ASAT*, 411 F.3d at 249-51.  The Commission issued the subpoenas in the District of Columbia and the Commission's hearing and all other administrative proceedings in this matter have taken or will take place in this district at 500 E Street, SW, Washington, D.C. 20436.  Accordingly, the Commission may petition for enforcement of its subpoenas in this district.

## II.     PROCEEDINGS UNDER SECTION 337 GENERALLY

The Commission is a six-member body charged with administering several statutes that provide remedies for unfair and/or injurious imports.  Under one of those statutes, section 337 of the Tariff Act of 1930, as amended, the Commission conducts investigations into allegations of certain unfair practices in the import trade.  19 U.S.C. § 1337.  Section 337 declares unlawful, *inter alia*, the importation into the United States, the sale for importation, or the sale within the United States after importation, of articles that infringe a valid and enforceable United States patent.  19 U.S.C. § 1337(a)(1)(B)(i).

The Commission institutes section 337 investigations upon receipt of a

4

proper complaint. Three types of parties participate in a section 337 investigation, namely, the complainant or complainants that allege a violation of section 337, the respondent or respondents that are alleged to have violated section 337, and a staff investigative attorney from the Commission's Office of Unfair Import Investigations, whose function is to represent the public interest, to investigate allegations in the complaint, and to present evidence and argument on the issue of whether section 337 has been violated.

Upon institution, the Commission refers the investigation to one of its administrative law judges ("ALJs"). The ALJ presides over evidentiary proceedings and a hearing and ultimately renders an initial determination ("ID") on whether section 337 has been violated, which includes findings of fact and conclusions of law. The ALJ certifies the ID to the Commission along with the evidentiary record. 19 C.F.R. § 210.42. The Commission may review all or part of the ID, or may determine not to review the ID, in which case the ID becomes the Commission's determination. 19 C.F.R. § 210.42(h).

In the event that the Commission determines that section 337 has been violated, it then determines the appropriate remedy. The remedy is always prospective in nature, and may include an order excluding the subject articles from entry into the United States or an order directing respondents to cease and desist

5

from the unfair practices, or both.  19 U.S.C. §§ 1337(d) and (f).

## III.    THE PROCEEDINGS IN INVESTIGATION NO. 337-TA-596

On March 13, 2007, the Commission instituted an investigation entitled *Certain GPS Chips, Associated Software and Systems, and Products Containing Same* ("*GPS Chips*"), Inv. No. 337-TA-596, under 19 U.S.C. § 1337, based on a complaint filed by SiRF Technology, Inc. of San Jose, California ("SiRF"), alleging a violation of section 337 in the importation, sale for importation, and sale within the United States after importation of certain GPS chips, associated software and systems, and products containing the same by reason of infringement of certain claims of United States Patent Nos. 6,304,216 (the "'216 patent"), 7,043,363 (the "'363 patent"), 7,091,904 (the "'904 patent"), and 7,132,980 (the "'980 patent").  72 *Fed. Reg.* 11378 (Mar. 13, 2007).  The complainant named Global Locate, Inc. of  San Jose, California ("Global Locate") as respondent.

On July 23, 2007, the ALJ issued a Subpoena Ad Testificandum and a Subpoena Duces Tecum directed to non-party Sony Ericsson.  Confidential Exhibit A.  The subpoenas ordered Sony Ericsson: 1) to designate a corporate witness to testify on deposition regarding certain topics named in the Subpoena Ad Testificandum, and 2) to produce documents and things responsive to the Subpoena Duces Tecum topics.  The subpoena topics concerned the use in Sony

6

Ericsson's products of Global Locate devices that are accused in this investigation.

Sony Ericsson served its Response and Objections to the subpoenas on August 20, 2007. On November 16, 2007, the parties to the investigation filed a joint motion to extend the close of fact discovery, in part, to allow SiRF to take the deposition of Sony Ericsson's corporate witness. On November 27, 2007, Sony Ericsson produced Jeffrey Chlebowski for deposition by SiRF.

On December 17, 2007, SiRF requested the ALJ to certify to the Commission a request for judicial enforcement of the subpoenas pursuant to Commission rule 210.32(g). 19 C.F.R. § 210.32(g). SiRF stated that Mr. Chlebowski was unprepared and unknowledgeable concerning many of the deposition topics, particularly Topic Nos. 2, 3, 6, 7, and 8 of the Subpoena Ad Testificandum. SiRF also asserted that Sony Ericsson has refused to provide another witness for deposition. SiRF argued before the ALJ that Mr. Chlebowki's testimony indicated that Sony Ericsson possesses further technical knowledge responsive to these subpoena topics. SiRF also stated that certain papers and items sought by the subpoenas were incomplete or have not been provided. Specifically, SiRF sought one page that was missing from the schematic diagrams of Sony Ericsson's mobile phone as well as physical exhibits of any Sony Ericsson phone containing the accused GPS chip, including Sony Ericsson's Z750 mobile

7

phone.

    SiRF stated that the discovery it seeks is relevant and is necessary to its

infringement contentions, explaining that claim 1 of the '980 patent recites a

limitation that specifies that the function to be performed by the invention takes

place in the multi-function mobile device in which these functions are hosted, and

that Sony Ericsson's Z750 product is such a multi-function mobile device.  SiRF

asserted that information as to how the components of the Z750 product,

particularly Global Locate's GPS chips, are implemented to interact with each

other is relevant and is within the possession and control of Sony Ericsson.  SiRF

stated that Sony Ericsson's device-level implementation is highly relevant to the

claims of the '980 patent because, as Sony Ericsson admitted, Global Locate

provides the GPS function for the Z750 product and that in order to do so, Sony

provides Global Locate with (1) a memory to store both the GPS software library

and the data, and (2) a processor capable of delivering a level of  performance

specified by Global Locate.

    On January 3, 2008, Sony Ericsson filed its reply, opposing subpoena

enforcement.  Sony Ericsson argued that: it has provided SiRF those documents

that are within its possession, custody, or control that relate to operation of the

chips at issue in the investigation; it does not have additional testimony to provide

8

about the operation of the GPS functionality of the Z750; SiRF should be seeking information about Global Locate's activities from Global Locate, not a non-party; and it has already provided testimony about the produced documents. Sony Ericsson included with its opposition declarations of Anthony J. Riccota and Phillips Marc Johnson, engineers at Sony Ercisson, as well as a copy of the schematic diagrams, including the allegedly missing page of one of the circuit diagrams.

On January 15, 2008, the ALJ issued an order granting SiRF's motion to certify to the Commission the request for judicial enforcement of the subpoena. Order No. 27 (attached as Exhibit C). The ALJ found, after examining the transcript of Mr. Chlebowski, that the witness was unable to answer many questions. Order No. 27 at 3. He noted that Sony Ericsson had included declarations of two of its engineers, Mr. Ricotta and Mr. Johnson, along with its opposition to the motion for subpoena enforcement and that Exhibit 1 to Mr. Ricotta's declaration is a schematic for the Z750 mobile handset. *Id.* The ALJ found that it was unclear whether the schematic is a compete version of the circuit diagrams for the Z750. *Id.* He found that if it was not, and if such diagrams are in the possession of Sony Ericsson, they should be produced together with product samples. Moreover, he found that if Mr. Ricotta was the most knowledgeable

person about the Z750, he should be produced for deposition. *Id.* at 4. He further found that if someone else at Sony Ericsson is more knowledgeable than Mr. Ricotta, that person should be produced. *Id.* Thus, the ALJ granted SiRF's motion to the extent indicated in his order. *Id.* On January 16, 2008, in a "Notice To the Parties," the ALJ certified his request to the Commission for judicial enforcement , which he had not done in Order No. 27 (attached as Exhibit D). The Commission took the ALJ's request under advisement, and on January 24, 2008, issued a notice that it had granted the request (attached as Exhibit E). The commencement of the subpoena enforcement action in this Court followed.

## IV.   DISCUSSION

### A.   The Court Should Enforce the Subpoenas Because the Proceedings In Which They Were Issued Are Within the Commission's Authority, the Information Sought is Relevant to the Underlying Investigation, and Compliance Will Not Unduly Burden Respondent.

The general standards for enforcement of administrative subpoenas are well-established. The Supreme Court has made it clear that a court's role in a proceeding to enforce an administrative subpoena is limited. *See Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186 (1946); *Endicott Johnson Corp. v. Perkins*, 317 U.S. 501 (1943). While the court's function is neither minor nor ministerial, the scope of the issues which may be litigated in an enforcement

10

proceeding is narrow due to the compelling government interest in expeditious

investigation of possibly unlawful activity. *See Oklahoma Press*, 327 U.S. at 217;

*Resolution Trust Corp. v. Thornton*, 41 F.3d 1539, 1544 (D.C. Cir. 1994); *F.T.C.*

*v. Texaco, Inc.*, 555 F.2d 862, 872 (D.C. Cir. 1995) (*en banc*).  Thus, the Supreme

Court has ruled that so long as the administrative investigation is for a lawfully

authorized purpose, the information sought is relevant, and the demand is

reasonable, the agency has a right to judicial enforcement of its subpoenas. *See*

*Oklahoma Press*, 327 U.S. at 209.

 This Court has applied these general principles specifically in the case of

enforcement of an administrative subpoena issued by the Commission in the

course of a Commission antidumping proceeding.  *U. S. Int'l Trade Comm'n v. E.*

*& J. Gallo Winery*, 637 F. Supp. 1262 (D.D.C. 1985).  The same statutory

provision relied on in *Gallo*, 19 U.S.C. § 1333, also provides authority for

enforcement of Commission subpoenas issued in its section 337 investigations,

and, as noted, this Court has enforced such subpoenas.  *U. S. Int'l Trade Comm'n*

*v. Single Use Camera Co.*, Misc. No. 03-3876 (order granting enforcement of

subpoena) (D.D.C. Apr. 16, 2004).  In *Gallo*, the Court concluded that the

appropriate standard of review of Commission subpoenas is one which recognizes

both the "reasonably relevant" and the "unreasonably or unduly burdensome"

elements of the general test for enforcement of administrative subpoenas. *Gallo*, 637 F. Supp. at 1267.

As explained below, the Court should enforce the subpoenas because the proceedings in which they were issued are within the Commission's authority, the information sought is relevant to the underlying investigation, and compliance will not unduly burden Sony Ericsson.

**A.    The Proceedings in Which the Subpoenas Were Issued is Within the Commission's Authority.**

Section 337 provides that it is unlawful, *inter alia*, to import into the United States, sell for importation, or sell within the United States after importation, articles that infringe a valid and enforceable United States patent.  19 U.S.C. § 1337(a)(1)(B)(i).  The Commission instituted the *GPS Chips* investigation, Inv. No. 337-TA-596, based on a complaint filed by SiRF, alleging a violation of section 337 in the importation, sale for importation, and sale within the United States after importation of certain GPS chips, associated software and systems, and products containing the same by reason of infringement of certain claims of the '126 patent, the '363 patent, the '904 patent, and the '980 patent.  72 *Fed. Reg.* 11378 (Mar. 13, 2007).  The complainant named Global Locate as respondent. This investigation is being carried out under the authority expressly placed with

12

the Commission in 19 U.S.C. § 1337.

When conducting an investigatory proceeding such as this one, the Commission may obtain relevant evidence from all persons in possession of it under the authority granted in 19 U.S.C. § 1333. In this instance, the Commission is well within its statutory authority to compel information from Sony Ericsson. Section 333 grants the Commission broad powers to obtain *any* document and record or require the appearance of *any* person to give testimony if such documents and testimony pertain to the subject matter of investigation. 19 U.S.C. § 1333(a). Thus, the proceedings in which the subpoenas were issued are within the Commission's authority, as was the issuance of the subpoenas.

## B.    The Information Sought Is Relevant To The Underlying Investigation.

In determining relevancy, the courts typically do not require an agency to present a focused theory of a probable, or even possible, case arising out of the investigation. "[T]he relevance of the agency's [investigative] subpoena requests may be measured only against the general purpose of its investigation." *Gallo*, 637 F. Supp. at 1270 (*quoting Texaco*, 555 F.2d at 874); *see F.T.C. v. Anderson*, 631 F.2d 741, 746 (D.C. Cir. 1979); *Equal Employment Opportunity Comm'n v. University of New Mexico, Albuquerque*, 504 F.2d 1296 (10th Cir. 1974); *United*

13

*States v. Hunton & Williams*, 952 F. Supp. 843, 854 (D.D.C. 1997).

The testimony, documents, and things sought in the subpoenas to Sony Ericsson relates to the operation of Global Locate's GPS chips, which are accused of infringement, in Sony Ericsson's mobile telephone model Z750. Specifically, the Subpoena Ad Testificandum seeks testimony relating to Topic Nos. 2, 3, 6, 7, and 8. *See* Confidential Exhibit A. These topics relate to the operation of Sony Ericsson's mobile telephone model Z750, which allegedly contains functionality that in combination with the GPS chip infringes claims of the asserted patents. The evidence indicates that other individuals employed by Sony Ericsson, such as Mr. Ricotta and Mr. Johnson, have further knowledge regarding that functionality. Confidential Exhibit B at 33-35, 60, 127, & 140-41. In addition, the Subpoena Duces Tecum seeks samples of Sony Ericsson phones that contain the accused GPS chip, including the Z750 mobile phone. These samples are directly related to the operation of the phones.[5] Thus, the subpoenaed materials and testimony clearly fall well within the "reasonably relevant" standard applicable to this case. *Gallo*, 637 F. Supp. at 1272, *citing United States v. Morton Salt*, 338 U.S. 632, 652 (1950).

---

[5] The page missing from the schematic diagrams of Sony Ericsson's phone was attached to Sony Ericsson's Ricotta Declaration and thus has been produced. It is not part of this petition for enforcement.

**C.    Compliance Will Not Unduly Burden Sony Ericsson.**

In addition to satisfying the reasonably relevant standard, the disclosure

sought by an administrative subpoena must not be unreasonable. *Oklahoma Press*,

327 U.S. at 208.  As the Supreme Court has stated:

> It is now settled that, when an administrative agency subpoenas corporate
> books or records, the Fourth Amendment requires that the subpoenas be
> sufficiently limited in scope, relevant in purpose and specific in directive so
> that compliance will not be unreasonably burdensome.  The agency has the
> right to conduct all reasonable inspections of such documents . . . .

*See v. City of Seattle*, 387 U.S. 541, 544 (1967).  However, what amounts to

excess in the breadth of the subpoena is variable in relation to the nature,

purposes, and scope of the inquiry. *Oklahoma Press*, 327 U.S. at 209.  Thus, the

broader the investigation, the broader the subpoena requests may be, provided the

investigation is lawful. *See Texaco*, 555 F.2d at 882.

The burden of showing that an agency subpoena is unduly broad or

burdensome rests with the subpoenaed party. *Gallo*, 637 F. Supp. at 1272; *United*

*States v. Powell*, 379 U.S. 48, 58 (1964); *Texaco*, 555 F.2d at 882.  Moreover,

"where . . . the agency inquiry is authorized by law and the materials sought are

relevant to that inquiry, that burden is not easily met." *S.E.C. v. Brigadoon Scotch*

*Distributing Co.*, 480 F.2d 1047, 1056 (2d Cir. 1973); *accord Hunton & Williams*,

952 F. Supp. at 855; *United States v. Firestone Tire & Rubber Co.*, 455 F. Supp.

15

1072, 1083 (D.D.C. 1978) ("Respondent in a subpoena enforcement action is hard put to attack an administrative subpoena . . . on the grounds of undue burdensomeness.").

Sony Ericsson cannot meet its burden of showing that the subpoenas the Commission seeks to enforce here are overly broad or unduly burdensome. As noted above, the information requested is limited and Sony Ericsson should be able to produce the materials in its possession and the testimony of a corporate witness without undue burden.

**D.    The Court Should Expedite the Treatment on the Petition for an Order to Enforce the Commission's Subpoenas.**

The Commission's *GPS Chips* evidentiary hearing is scheduled to start on March 10, 2008. The ALJ's final initial determination is due on June 13, 2008, and the current target date for completion of this investigation is October 13, 2008 (19 months from institution). The Commission's need for expedited action is therefore pressing in light of these tight time constraints. Accordingly, the Commission requests expedited treatment for enforcement of its subpoenas. In light of the procedural history behind this petition, and Sony Ericsson's refusal to comply with the Commission's subpoenas since July 2007, respondent will suffer no undue surprise or prejudice from an abbreviated expedited treatment for

enforcement of the subpoenas.

## V.    CONCLUSION

For the foregoing reasons, the Court should order respondent to show cause

why the subpoenas of the United States International Trade Commission should

not be enforced.  This Court should then order enforcement of the Commission's

subpoenas.

Date: February 5, 2008

Respectfully submitted,

James M. Lyons
General Counsel
D.C. Bar No. 304121


Wayne W. Herrington
Assistant General Counsel
D.C. Bar No. 55038


Michelle Walters
Attorney-Advisor
D.C. Bar No. 489524
Office of the General Counsel
U.S. International Trade Commission
500 E Street, SW
Washington, D.C. 20436

17

tel.:  (202) 708-5468
fax:  (202) 205-3111

18

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**UNITED STATES INTERNATIONAL
TRADE COMMISSION**
**500 E Street, SW**
**Washington, D.C. 20436**
**(202)708-5468**

   **Petitioner,**

 **v.**

**SONY ERICSSON MOBILE
COMMUNICATIONS (USA) INC.**
**7001 Development Drive**
**Research Triangle Park, N.C. 27709**

   **Respondent.**

**Miscellaneous No. _____**

**PUBLIC EXHIBITS C, D, & E TO THE MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF PETITION FOR AN ORDER TO
ENFORCE SUBPOENAS ISSUED BY THE UNITED STATES
INTERNATIONAL TRADE COMMISSION AND REQUEST FOR
EXPEDITED TREATMENT**

# Exhibit C

**PUBLIC VERSION**

UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington, D.C.

| | | |
|---|---|---|
| In the Matter of | ) | |
| | ) | |
| CERTAIN GPS CHIPS, ASSOCIATED | ) | Investigation No. 337-TA-596 |
| SOFTWARE AND SYSTEMS, AND | ) | |
| PRODUCTS CONTAINING SAME | ) | |

Order No. 27:  Request For Enforcement Of Subpoenas

Pursuant to Commission rule 210.15 and 210.32(g) as well as ground rule 3 and 6(iii) on

December 17, 2007, complainant SiRF Technology, Inc. (SiRF) moved to enforce SiRF's

Subpoena Ad Testificandum and Subpoena Duces Tecum (the Subpoenas) to Sony Ericsson

Mobile Communications (USA) Inc. (Sony Ericsson), served on July 24, 2007, by ordering Sony

Ericsson 1) to designate a new corporate witness to testify regarding Topic Nos. 2, 3, 6, 7, and 8

of the Subpoenas, and 2) to produce all documents responsive to the Subpoenas, including

complete circuit diagrams and/or schematics and product samples for the Daniela (Z750) mobile

phone product. (Motion Docket No. 596-53.)

Third party Sony Ericsson, in a response dated January 23, 2008, argued that Motion No.

596-53 should be denied.

The staff in a response dated January 3, 2008, argued that Motion No. 596-53 should be

granted.

Complainant, in support of Motion No. 596-53, argued that SiRF is entitled to a new

designated corporate witness for deposition because Sony Ericsson's designated corporate

witness Jeffrey Chlebowski was unable to give substantive testimony for many of the subpoena

topics and Chlebowski's testimony indicates that Sony Ericsson possesses further technical

knowledge responsive to SiRF's subpoena topics; that Sony Ericsson has failed to produce all

documents and things responsive to the subpoenas; and that the discovery SiRF requests is

relevant and necessary to SiRF's infringement contentions.  It is argued that SiRF's discovery

requests are aimed at discovering information relevant to infringement of SiRF's patents-in-suit;

that for example claim 1 of U.S. Patent No. 7,132,980 in issue (the '980 Patent), which recites

limitations that specify the GPS and radio communication functions to be performed by the

invention, is directed to a multi-function mobile device in which these functions are hosted; that

as Sony Ericsson has produced such a device (the Daniela (Z750) product), information as to

how the components of the Daniela product, including Global Locate's accused GPS

components, are implemented to interact with each other is relevant and within the possession

and control of Sony Ericsson; that  Sony Ericsson admits that Global Locate provides the GPS

function for the Daniela product; that to do so, respondent Global Locate requires that Sony

Ericsson provide (1) a memory to store both its GPS software library and the data, and (2) a

processor capable of delivering a level of CPU performance specified by Global Locate; that

thus, Sony Ericsson's device-level implementation is highly relevant to the claims of the '980

patent.

   SiRF further argued that, claim 1 of U.S. Patent No. 7,043,363 in issue (the '363 Patent)

recites a system comprising a tracker hardware interface, a memory comprising a GPS library,

and a processor; that the Daniela (Z750) mobile phone product represents such a system; that

respondent Global Locate's GPS chips are host-based, which means they require a processor and

memory external to the GPS chip (a host) in order to operate; that with respect to the Daniela

(Z750) product, this processor and memory would be provided by Sony Ericsson, not Global

Locate, and therefore information regarding the interaction within the Daniela product between

the Global Locate GPS chip and the host processor and memory would be in the possession and

control of Sony Ericsson.

Sony Ericsson, in opposition to Motion No. 596-53, argued that it has provided to SiRF

those documents that are within its possession, custody or control that relate to operation of the

Hammerhead chip and its interoperation with the EMP chipset; that it does not have additional

testimony to provide about the operation of the GPS functionality of the Z750; that SiRF should

be seeking information about Global Locate's activities from Global Locate, not a third party;

and that there has been testimony about the produced documents.[1]

The administrative law judge has examined Exhibit 4 of Motion No. 596-53 which is a

November 27, 2007 deposition transcript of Chlebowski and finds that the witness was unable to

answer many questions. See also testimony set forth in SiRF's supporting memo. It would

appear that Sony Ericsson is attempting to avoid enforcement by submitting the declaration of

Ricotta, which included Exhibit 1 documents, and the declaration of Johnson. Ricotta in his

declaration states in part:

> I am currently the Baseband Design Lead on the Z750 ("Daniela")
> mobile phone project at SEMC's facility in Research Triangle
> Park, North Carolina. It is my name that appears on the Daniela
> schematic attached as Exhibit 1 to this declaration.

It is unclear whether the Exhibit 1 documents is a complete version of the circuit diagrams for the

Daniela (Z750). If not, and such diagrams are in possession of Sony Ericsson, they should be

---

[1] Included with said opposition were declarations of Anthony J. Ricotta and of Phillips
Marc Johnson, engineers at Sony Ericsson.

3

produced together with product samples. Moreover, if Ricotta is the most knowledgeable person about the Daniela (Z750), he should be produced for deposition and to allow SiRF allowed to question him on his declaration and the Daniela (Z750). If there is a person to Sony Ericsson that has more knowledge about said Daniela, that person should be produced.

Motion No. 596-53 is granted to the extent indicated. Copies of relevant papers are in the Commission files.

On January 15, 2008, each of counsel for SiRF and Sony Ericsson as well as the staff received a copy of this order.

This order will be made public unless a bracketed confidential version is received no later than January 31, 2008.

Paul J. Luckern
Administrative Law Judge

Issued: January 15, 2008

4

**CERTAIN GPS CHIPS, ASSOCIATED SOFTWARE AND SYSTEMS, AND PRODUCTS CONTAINING SAME**

**Inv. No. 337-TA- 596**

## CERTIFICATE OF SERVICE

I, Marilyn R. Abbott, hereby certify that the attached **Public Version Order** was served upon Kevin Baer, Esq., Commission Investigative Attorney, and the following parties via first class mail and air mail where necessary on    February 4, 2008.

*Marilyn R. Abbott* JN6

Marilyn R. Abbott, Secretary
U.S. International Trade Commission
500 E Street, SW, Room 112A
Washington, DC  20436

**FOR COMPLAINANT SIRF TECHNOLOGY, INC.:**

Alan H. MacPherson, Esq.
Edward C. Kwok, Esq.
Steven M. Levitan, Esq.
Jennifer M. Lantz, Esq.
Clark S. Stone, Esq.
**MACPHERSON KWOK CHEN & HEID LLP**
2033 Gateway Place, Suite 400
San Jose, CA  95110

F. David Foster, Esq.
David Nickel, Esq.
**MILLER & CHEVALIER CHARTERED**
655 Fifteenth St., NW, Suite 900
Washington, DC  20005

William L. Anthony Jr., Esq.
Fabio E. Marino, Esq.
Bas de Blank, Esq.
Theresa Norton, Esq.
Ulysses Hui, Esq.
**ORRICK, HERRINGTON & SUTCLIFF, LLP**
1000 Marsh Road
Menlo Park, CA 94025

**CERTAIN GPS CHIPS, ASSOCIATED SOFTWARE AND SYSTEMS, AND PRODUCTS
CONTAINING SAME**

**Inv. No. 337-TA- 596**

Claire Merrin, Esq.
T. Vann Pearce, Esq.
**ORRICK, HERRINGTON & SUTCLIFF, LLP**
3050 K St., NW
Washington, DC 20007

**FOR RESPONDENT GLOBAL LOCATE, INC. AND BROADCOM CORPORATION:**

James L. Quarles, Esq.
Michael D. Esch, Esq.
**WILMER CUTLER PICKERING HALE AND DORR LLP**
1875 Pennsylvania Ave., NW
Washington, DC  20006

William F. Lee, Esq.
Donald R. Steinberg, Esq.
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State St.
Boston, MA 02109

Robert J. Gunther, Jr., Esq.
S. Calvin Walden, Esq.
**WILMER CUTLER PICKERING HALE AND DORR LLP**
399 Park Ave.
New York, NY 10022

Mark D. Selwyn, Esq.
Joseph F. Haag, Esq.
**WILMER CUTLER PICKERING HALE AND DORR LLP**
1117 California Ave.
Palo Alto, CA 94304

**CERTAIN GPS CHIPS, ASSOCIATED SOFTWARE AND SYSTEMS, AND PRODUCTS
CONTAINING SAME**

**Inv. No. 337-TA- 596**

<u>PUBLIC  MAILING  LIST</u>

Sherry Robinson
LEXIS - NEXIS
8891 Gander Creek Drive
Miamisburg, OH 45342

Ronnita Green
Thomson West
1100 Thirteen Street, NW, Suite 200
Washington, DC  20005

# Exhibit D

**PUBLIC VERSION**

UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington, D.C.

| | |
|---|---|
| In the Matter of | ) |
| | ) |
| CERTAIN GPS CHIPS, ASSOCIATED | ) |
| SOFTWARE AND SYSTEMS, AND | ) |
| PRODUCTS CONTAINING SAME | ) |

Investigation No. 337-TA-596

<u>Notice To The Parties</u>

Order No. 27, which issued on January 15, 2008, granted complainant's Motion No. 596-53 to the extent indicated in said order.[1] In granting said motion, he CERTIFIES to the Commission his request for enforcement of the subpoenas in issue to the extent indicated in Order No. 27, as per Commission rule 210.32(g). The administrative law judge did not include with said Order No. 27 copies of relevant papers because said papers are readily available on the EDIS system.

In said Order No. 27 on page 3, line 5 and 11 reference is made to Motion No. 596-33. The reference made to Motion No. 596-33 should be changed to reflect Motion No. 596-53.

For the convenience of the parties, attached is corrected page 3.

On January 16, 2008, each of counsel for SiRF and Sony Ericsson as well as the staff and respondents received a copy of this notice.

---

[1] Pursuant to Order No. 20, which issued on August 10, 2007, the evidentiary hearing is set to commence on March 10, 2008. Hence, if the subpoenas are to be enforced, the administrative law judge recommends expeditious treatment.

This order will be made public unless a bracketed confidential version is received no later than January 31, 2008.

Paul J. Luckern
Administrative Law Judge

Issued: January 16, 2008

2

(Z750) product, this processor and memory would be provided by Sony Ericsson, not Global Locate, and therefore information regarding the interaction within the Daniela product between the Global Locate GPS chip and the host processor and memory would be in the possession and control of Sony Ericsson.

Sony Ericsson, in opposition to Motion No. 596-53, argued that it has provided to SiRF those documents that are within its possession, custody or control that relate to operation of the Hammerhead chip and its interoperation with the EMP chipset; that it does not have additional testimony to provide about the operation of the GPS functionality of the Z750; that SiRF should be seeking information about Global Locate's activities from Global Locate, not a third party; and that there has been testimony about the produced documents.[1]

The administrative law judge has examined Exhibit 4 of Motion No. 596-53 which is a November 27, 2007 deposition transcript of Chlebowski and finds that the witness was unable to answer many questions. <u>See</u> also testimony set forth in SiRF's supporting memo. It would appear that Sony Ericsson is attempting to avoid enforcement by submitting the declaration of Ricotta, which included Exhibit 1 documents, and the declaration of Johnson. Ricotta in his declaration states in part:

> I am currently the Baseband Design Lead on the Z750 ("Daniela")
> mobile phone project at SEMC's facility in Research Triangle
> Park, North Carolina. It is my name that appears on the Daniela
> schematic attached as Exhibit 1 to this declaration.

It is unclear whether the Exhibit 1 documents is a complete version of the circuit diagrams for the Daniela (Z750). If not, and such diagrams are in possession of Sony Ericsson, they should be

---

[1] Included with said opposition were declarations of Anthony J. Ricotta and of Phillips Marc Johnson, engineers at Sony Ericsson.

3

**CERTAIN GPS CHIPS, ASSOCIATED SOFTWARE AND SYSTEMS, AND PRODUCTS CONTAINING SAME**

Inv. No. 337-TA- 596

## CERTIFICATE OF SERVICE

I, Marilyn R. Abbott, hereby certify that the attached **Public Version Notice To The Parties** was served upon Kevin Baer, Esq., Commission Investigative Attorney, and the following parties via first class mail and air mail where necessary on    February 4, 2008.

Marilyn R. Abbott, Secretary
U.S. International Trade Commission
500 E Street, SW, Room 112A
Washington, DC 20436

**FOR COMPLAINANT SIRF TECHNOLOGY, INC.:**

Alan H. MacPherson, Esq.
Edward C. Kwok, Esq.
Steven M. Levitan, Esq.
Jennifer M. Lantz, Esq.
Clark S. Stone, Esq.
**MACPHERSON KWOK CHEN & HEID LLP**
2033 Gateway Place, Suite 400
San Jose, CA 95110

F. David Foster, Esq.
David Nickel, Esq.
**MILLER & CHEVALIER CHARTERED**
655 Fifteenth St., NW, Suite 900
Washington, DC 20005

William L. Anthony Jr., Esq.
Fabio E. Marino, Esq.
Bas de Blank, Esq.
Theresa Norton, Esq.
Ulysses Hui, Esq.
**ORRICK, HERRINGTON & SUTCLIFF, LLP**
1000 Marsh Road
Menlo Park, CA 94025

**CERTAIN GPS CHIPS, ASSOCIATED SOFTWARE AND SYSTEMS, AND PRODUCTS
CONTAINING SAME**

                                                          **Inv. No. 337-TA- 596**

Claire Merrin, Esq.
T. Vann Pearce, Esq.
**ORRICK, HERRINGTON & SUTCLIFF, LLP**
3050 K St., NW
Washington, DC 20007

**FOR RESPONDENT GLOBAL LOCATE, INC. AND BROADCOM CORPORATION:**

James L. Quarles, Esq.
Michael D. Esch, Esq.
**WILMER CUTLER PICKERING HALE AND DORR LLP**
1875 Pennsylvania Ave., NW
Washington, DC  20006

William F. Lee, Esq.
Donald R. Steinberg, Esq.
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State St.
Boston, MA 02109

Robert J. Gunther, Jr., Esq.
S. Calvin Walden, Esq.
**WILMER CUTLER PICKERING HALE AND DORR LLP**
399 Park Ave.
New York, NY 10022

Mark D. Selwyn, Esq.
Joseph F. Haag, Esq.
**WILMER CUTLER PICKERING HALE AND DORR LLP**
1117 California Ave.
Palo Alto, CA 94304

**CERTAIN GPS CHIPS, ASSOCIATED SOFTWARE AND SYSTEMS, AND PRODUCTS CONTAINING SAME**

Inv. No. 337-TA- 596

PUBLIC MAILING LIST

Sherry Robinson
LEXIS - NEXIS
8891 Gander Creek Drive
Miamisburg, OH 45342

Ronnita Green
Thomson West
1100 Thirteen Street, NW, Suite 200
Washington, DC  20005

# Exhibit E

**UNITED STATES INTERNATIONAL TRADE COMMISSION**
**Washington, D.C. 20436**

In the Matter of
**CERTAIN GPS CHIPS, ASSOCIATED**
**SOFTWARE AND SYSTEMS, AND**
**PRODUCTS CONTAINING SAME**

Inv. No. 337-TA-596

**NOTICE OF COMMISSION DETERMINATION GRANTING A REQUEST**
**BY THE ADMINISTRATIVE LAW JUDGE FOR JUDICIAL ENFORCEMENT**
**OF TWO SUBPOENAS**

**AGENCY:**    U.S. International Trade Commission.

**ACTION:**    Notice.

**SUMMARY:**    Notice is hereby given that the U.S. International Trade Commission has determined to grant a request by the presiding administrative law judge (ALJ) for judicial enforcement of two subpoenas in the above-captioned investigation to the extent indicated in ALJ Order No. 27, and has authorized its Office of the General Counsel to seek such enforcement

**FOR FURTHER INFORMATION:**    Michelle Walters, Esq., Office of the General Counsel, U.S. International Trade Commission, 500 E Street, S.W., Washington, D.C. 20436, telephone 202-708-5468. Copies of Order No. 27 and all other nonconfidential documents filed in connection with this investigation are or will be available for inspection during official business hours (8:45 a.m. to 5:15 p.m.) in the Office of the Secretary, U.S. International Trade Commission, 500 E Street, S.W., Washington, D.C. 20436, telephone 202-205-2000. Hearing-impaired persons are advised that information on this matter can be obtained by contacting the Commission's TDD terminal on 202-205-1810. General information concerning the Commission may also be obtained by accessing its Internet server (*http://www.usitc.gov*). The public record for this investigation may be viewed on the Commission's electronic docket (EDIS) at *http://edis.usitc.gov*.

**SUPPLEMENTARY INFORMATION:**    On March 13, 2007, the Commission instituted an investigation under section 337 of the Tariff Act of 1930, 19 U.S.C. § 1337, based on a complaint filed by SiRF Technology, Inc. of San Jose, California ("SiRF"), alleging a violation of section 337 in the importation, sale for importation, and sale within the United States after importation of certain GPS chips, associated software and systems, and products containing same by reason of infringement of certain claims of U.S. Patent Nos. 6,304,216; 7,043,363; 7,091,904 ("the '904 patent"); and 7,132,980. 72 *Fed. Reg.* 11378 (Mar. 13, 2007). The complainant named Global Locate, Inc. of San Jose, California ("Global Locate") as respondent. Subsequently, the investigation was terminated with respect to the '904 patent and certain claims of the other patents.

On December 17, 2007, SiRF moved to obtain judicial enforcement of a Subpoena Ad Testificandum and a Subpoena Duces Tecum (subpoenas), which were issued on July 24, 2007, to non-party Sony Ericsson Mobile Communications (USA) Inc. The ALJ granted SIRF's motion on January 15, 2008, in ALJ Order No. 27 to the extent indicated therein, and certified his request for judicial enforcement in a "Notice to the Parties" issued on January 16, 2008. The Commission has granted the

ALJ's request and has authorized its Office of the General Counsel to seek judicial enforcement of the subpoenas to the extent indicated.

The authority for the Commission's determination is contained in section 337 of the Tariff Act of 1930, as amended, (19 U.S.C. § 1337), and Commission Rule of Practice and Procedure 210.32(g), 19 C.F.R. § 210.32(g).

By order of the Commission.

Marilyn R. Abbott
Secretary to the Commission

Issued: January 24, 2008

2

**CERTAIN GPS CHIPS, ASSOCIATED SOFTWARE AND**    **337-TA-596**
**SYSTEMS, AND PRODUCTS CONTAINING SAME**

### CERTIFICATE OF SERVICE

I, Marilyn R. Abbott, hereby certify that the attached **NOTICE OF COMMISSION DETERMINATION GRANTING A REQUEST BY THE ADMINISTRATIVE LAW JUDGE FOR JUDICIAL ENFORCEMENT OF TWO SUBPOENAS** has been served by hand upon the Commission Investigative Attorney Kevin Baer, Esq., and the following parties as indicated, on ___January 24, 2008._____.

Marilyn R. Abbott, Secretary
U.S. International Trade Commission
500 E Street, SW
Washington, DC 20436

**ON BEHALF OF COMPLAINANT SiRF**
**TECHNOLOGY, INC.:**

Alan H. MacPherson, Esq.                          ( ) Via Hand Delivery
Edward C. Kwok, Esq.                               (✓) Via Overnight Mail
Steven M. Levitan, Esq.                            ( ) Via First Class Mail
**MacPHERSON KWOK CHEN & HEID LLP**              ( ) Other: _____
2033 Gateway Place, Suite 400
San Jose, CA 95110
P-408-392-9250
F-408-392-9262

Helen Li, Esq                                       ( ) Via Hand Delivery
Diana M. Rutowski, Esq.                            (✓) Via Overnight Mail
**ORRICK HERRINGTON & SUTCLIFFE, LLP**           ( ) Via First Class Mail
1000 Marsh Road                                     ( ) Other: _____
Menlo Park, CA 94025
P-650-614-7400
F-650-614-7401

Page 2 – Certificate of Service

F. David Foster, Esq.
Thomas Tso, Esq.
**MILLER & CHEVALIER CHARTERED**
655 Fifteenth Street, NW
Suite 900
Washington, DC 20005-5701
P-202-626-5800
F-202-626-0858

( ) Via Hand Delivery
(✓) Via Overnight Mail
( ) Via First Class Mail
( ) Other: _____

William L. Anthony, Jr., Esq.
Fabio E. Marino, Esq.
Bas de Blank, Esq.
**ORRICK HERRINGTON & SUTCLIFFE, LLP**
1000 Marsh Road
Menlo Park, CA 94025
P-650-614-7400
F-650-614-7401

( ) Via Hand Delivery
(✓) Via Overnight Mail
( ) Via First Class Mail
( ) Other: _____

Clarie Merrin, Esq.
T. Vann Pearce, Esq.
**ORRICK HERRINGTON & SUTCLIFFE, LLP**
Washington Harbour
3050 K Street, NW
Washington, DC 20007-5135
P-202-339-8400
F-202-339-8500

( ) Via Hand Delivery
(✓) Via Overnight Mail
( ) Via First Class Mail
( ) Other: _____

Page 3 – Certificate of Service

**ON BEHALF OF RESPONDENT GLOBAL LOCATE,**
**INC.:**

| | |
|---|---|
| James L. Quarles, III, Esq.<br>Michael D. Esch, Esq.<br>James M. Dowd, Esq.<br>**WILMER CUTLER PICKERING HALE AND**<br>**DORR LLP**<br>1875 Pennsylvania Avenue, NW<br>Washington, DC 20006<br>P-202-663-6420<br>F-202-663-6363 | ( ) Via Hand Delivery<br>(✓) Via Overnight Mail<br>( ) Via First Class Mail<br>( ) Other: _____ |
| William F. Lee, Esq.<br>**WILMER CUTLER PICKERING HALE AND DORR**<br>**LLP**<br>60 State Street<br>Boston, MA 02109<br>P-617-526-6000<br>F-617-526-5000 | ( ) Via Hand Delivery<br>(✓) Via Overnight Mail<br>( ) Via First Class Mail<br>( ) Other: _____ |
| Robert J. Grunther, Jr., Esq.<br>S. Calvin Walden, Esq.<br>Paul B. Keller, Esq.<br>**WILMER CUTLER PICKERING HALE AND DORR**<br>**LLP**<br>399 Park Avenue<br>New York, NY 10022<br>P-212-230-8800<br>F-212-230-8888 | ( ) Via Hand Delivery<br>(✓) Via Overnight Mail<br>( ) Via First Class Mail<br>( ) Other: _____ |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES INTERNATIONAL TRADE COMMISSION**<br><br>Petitioner,<br><br>v.<br><br>**SONY ERICSSON MOBILE COMMUNICATIONS (USA) INC.**<br><br>Respondent. | Miscellaneous No. _____ |

## ORDER

Upon consideration of the petition for an order to enforce a Subpoena Ad Testificandum and a Subpoena Duces Tecum issued by the United States International Trade Commission, it is hereby

**ORDERED** that respondent is hereby commanded to comply with those portions of the Subpoena Ad Testificandum and Subpoena Duces Tecum signed on the 23rd day of July, 2007, as requested by the Commission, at the place set forth in the subpoenas and at a time no later than the ___ day of _____ 2008.

_____
United States District Judge

Date: _____

Order to be served on:

Michelle Walters
United States International Trade Commission
500 E Street, SW
Washington, D.C.  20436
Telephone:  (202) 708-5468
Facsimile:  (202) 205-3111

Sony Ericsson Mobile Communications (USA) Inc.
c/o Marcia Sundeen
Kenyon & Kenyon
1500 K Street, NW, Suite 700
Washington, D.C. 20005

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES INTERNATIONAL TRADE COMMISSION**<br><br>**Petitioner,**<br><br>**v.**<br><br>**SONY ERICSSON MOBILE COMMUNICATIONS (USA) INC.**<br><br>**Respondent.** | **Miscellaneous No. _____** |

**ORDER**

Upon consideration of the petition for an order to enforce a Subpoena Ad

Testificandum and a Subpoena Duces Tecum issued by the United States

International Trade Commission, it is hereby

**ORDERED** that respondent shall show cause in writing on or before

_____, 2008 why an order should not be issued granting

enforcement of petitioner's Subpoena Ad Testificandum and Subpoena Duces

Tecum; petitioner shall file any reply on or before _____, 2008.


_____
United States District Judge

Date: _____

Order to be served on:

Michelle Walters
United States International Trade Commission
500 E Street, SW
Washington, D.C.  20436
Telephone:  (202) 708-5468
Facsimile:  (202) 205-3111

Sony Ericsson Mobile Communications (USA) Inc.
c/o Marcia Sundeen
Kenyon & Kenyon
1500 K Street, NW, Suite 700
Washington, D.C. 20005